UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAN F. UMANOFF,

                Petitioner,                       12-MC-0644 (TCP)

    -against-                                   MEMORANDUM
                                                          AND ORDER
UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------X
PLATT, District Judge.

Before the Court is petitioner Dan F. Umanoff's petition to have his criminal record and case number 91-CR-045 expunged. Petitioner's motion is hereby **DENIED** because petitioner has not demonstrated the existence of any extreme circumstances warranting such relief.

### *Background*

Petitioner waived indictment and pled guilty on May 17, 1991 to a one count information. The information charged that on or about July 29, 1989, petitioner knowingly, intentionally and unlawfully obtained and acquired controlled substance hydrocodone through misrepresentation, fraud, deception and subterfuge. Petitioner, while suspended from practicing medicine in New York State, issued a prescription for Hydrocodone in the name of "Noel Umanoff" and thereby obtained and acquired the drug for his own use in violation of 21 U.S.C. § 843(a)(3), 18 U.S.C. §§ 2 and 3551 *et seq*. Gov't Opp. at Exh. 1.

On October 11, 1991, petitioner was sentenced to a five-year term of probation, a $5,000 fine and a $50 special assessment with two special conditions: extensive drug and alcohol counseling and compliance with an order of protection issued against petitioner on behalf of his wife. *Id.* at Exh. 4.

*Discussion*

By letter dated September 28, 2012, petitioner requests that his felony record and his criminal case docket number be expunged. In support of his petition, he argues that he is "looking to move on with [his] life and the expungement would be of great help in this endeavor." DE 1-1. He advises the Court that he has been in recovery since his conviction without any further criminal incidents. Petitioner also accepts responsibility for his actions. Furthermore, he advises the Court that he has written a book concerning the biological basis of addiction. *Id.*

The Second Circuit Court of Appeals has held that "expungement lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances.' " *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (quoting *United States v. Rosen*, 343 F. Supp. 804, 807 (S.D.N.Y. 1972)). "[E]quitable expungement has generally been 'limited to cases involving a charge that was later determined to be meritless or that was never adjudicated, or where there is proof of government misconduct, or where the law is declared invalid.' " *United States v. Payne*, No. 92 Civ. 620, 2008 WL 2065059, at * 2 (S.D.N.Y. May 15, 2008) (quoting *United States v. Morelli*, No. 91 Civ. 0639, 1999 WL 459784, at *1 (S.D.N.Y. June 30, 1999)). Furthermore, the Attorney General is required to acquire and maintain criminal identification records. *Id.* (citing 28 U.S.C. § 534(a)). *See Morelli*, 1999 WL 459784, at *1 ("By the enactment of 28 U.S.C. § 534(a), Congress has 'explicitly recognized' a 'compelling public need' to retain criminal records.") (quoting *Schnitzer*, 567 F.2d at 539).

Given the foregoing, petitioner's request for expungement is hereby denied. Petitioner sets forth no extreme circumstances warranting an expungement of his criminal records nor does

he contend that his guilty plea was invalid.  *See United States v. Gardner*, No. 10 Misc. 0159, 2010 WL 2292222, at *2 (E.D.N.Y. Apr. 26, 2010) (denying defendant's request to expunge his criminal records on the ground that he might not be able to obtain a security license); *Payne*, 2008 WL 2065059, at *2 (denying defendant's request for expungement of his criminal records despite the fact that defendant could be deported).  Indeed, petitioner herein does not cite any circumstances which would be remedied by expungement of his conviction.  Thus, while the Court approves of petitioner's post-conviction behavior, no grounds exist for expunging his criminal record or case number.

### *Conclusion*

Petitioner's request is hereby **DENIED** for the reasons stated above.

**SO ORDERED.**

Dated: April 23, 2013
      Central Islip, New York

                                      /s/
                              Thomas C. Platt, U.S.D.J.